Where a life insurance policy was for a sum payable to insured's wife "if living, or his legal representatives," and his wife predeceased him and he was survived by a daughter as his only next of kin, the proceeds of the policy belong to the daughter personally.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1459, 1460, 1466, 1485; Dec. Dig. § 583.*]

2. INSURANCE (§ 583*)—POLICY—CONSTRUCTION—"LEGAL REPRESENTATIVE"—"NEXT OF KIN."

The term "legal representatives," when used in a life insurance policy to describe the beneficiary, is equivalent to the term "next of kin."

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1459, 1460, 1466, 1485; Dec. Dig. § 583.*

For other definitions, see Words and Phrases, vol. 5, pp. 4070–4079; vol. 8, p. 7704; vol. 5, pp. 4798–4804; vol. 8, p. 7732.]

3. EXECUTORS AND ADMINISTRATORS (§ 503*) — ACCOUNTING — FUNERAL EXPENSES.

Where an administratrix reports payments made for reasonable funeral expenses pursuant to Code Civ. Proc. § 2729, subd. 3, and makes oath that such necessary charges are correct, her account must prevail so far as supported by vouchers, unless impaired by proof.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 2153–2156; Dec. Dig. § 503.*]

Proceeding upon the judicial settlement of the account of Jeanie Corwin Viles, formerly Jeanie S. Corwin, as administratrix of the goods, chattels, and credits of B. Ryder Corwin, deceased. Decreed according to opinion.

Woodford, Bovee & Butcher, of New York City, for accountant.
Darwin J. Meserole, of Brooklyn, for objectant.

KETCHAM, S. [1] The policy of life insurance issued to the decedent for a sum payable upon his death to "his wife [named] if living or his legal representatives" was for the benefit of his next of kin in case of the wife's death before his own.

[2] The term "legal representatives," when used in contracts of life insurance to describe the assured, has been generally construed as equivalent to "the next of kin." Griswold v. Sawyer, 125 N. Y. 411, 26 N. E. 464.

This interpretation has been generally helped out by the proof of circumstances surrounding the transaction, which are not reproduced in the present case; but it has been influenced in large part by a form of policy which is found in the paper now under examination.

The insured was not a lawyer. He had a wife at the date of the transaction, who died before his death. Whether he then had a child is unknown. His financial condition at the date of the policy is not shown, though the account indicates that the estate at death was insignificant. He is survived by a daughter, his only next of kin; but whether she was dependent upon him at any time or if living at the time when the policy was made was of large or small resources herself, does not appear. Though apparently she has been married, there is no evidence as to whether she was married before the date of the policy or as to the estate of her husband.

There are statements on many of these matters in the account, some of which, if true, would aid in the construction of the policy; but they are expressly withdrawn by the stipulation made by the parties, the sole source of evidence to be regarded in this matter.

Nevertheless, it will be found upon the face of the instrument and with the scant aid of the stipulation that the proceeds of the policy, $2,922.94, belong to the administratrix personally.

[3] The court is asked to determine the propriety of a funeral expense of $691.42. Upon the reasonableness of the items making the sum last mentioned there has been no attempt to introduce evidence beyond the figures of the account.

It is the duty of the administratrix to pay the reasonable funeral expenses. Code Civ. Pro. § 2729, subd. 3. Where in her account the administratrix reports payments made in this regard and upon oath alleges that the charges in such account for necessary expenses are correct, her account must prevail, so far as it is supported by vouchers, unless it is impaired by proof.

There is a deficiency of vouchers as to part of the credits for funeral outlays, but the objectant, who, except the accountant and her surety, is the only person concerned in the estate, has by his objections waived this defect.

Decreed accordingly.